UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JENNIFER L. BOOTH, | Civil Action No.: 19-10824 |
| | Honorable Laurie J. Michelson |
| Plaintiff, | Magistrate Judge Elizabeth A. Stafford |
| v. | |
| ANDREW W. SAUL,<br>COMMISSIONER OF<br>SOCIAL SECURITY,[1] | |
| Defendant. | |

_____/

# REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 13, 15]

Plaintiff Jennifer L. Booth appeals the final decision of defendant Commissioner of Social Security (Commissioner), which denied her application for supplemental security income (SSI) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation under 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court **RECOMMENDS** that:

- Booth's motion [ECF No. 13] be **GRANTED**;

---

[1] Under Federal Rule of Civil Procedure 25(d), Saul is the successor defendant.

- the Commissioner's motion [ECF No. 15] be **DENIED**; and

- the matter be **REMANDED** under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this report and recommendation.

I. **BACKGROUND**

A. **Booth's Background and Disability Applications**

Born June 19, 1979, Booth was 37 years old on the date the application was filed, September 9, 2016. [ECF No. 9, PageID.44, 54]. She has no past relevant work. [*Id.*, PageID.54]. Booth claims disability due to degenerative disc disease, fibromyalgia, venous insufficiency and irritable bowel syndrome (IBS). [*Id.*, PageID.137].

After a hearing in December 2017, during which Booth and a vocational expert (VE) testified, the ALJ found that Booth was not disabled. [*Id.*, PageID.62-98]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. [*Id.*, PageID.30-32]. Booth timely filed for judicial review. [ECF No. 1].

B. **The ALJ's Application of the Disability Framework Analysis**

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 416.920(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments[2] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity (RFC), and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if

---

[2] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." § 920(c).

the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Booth was not disabled. At the first step, she found that Booth had not engaged in substantial gainful activity since the amended on-set date of September 9, 2016. [ECF No. 9, PageID.44, 46]. At the second step, she found that Booth had the severe impairments of "multilevel thoracic spondylosis and degenerative changes with small disc protrusions and suspect spinal canal stenosis, lumbar spondylosis and radiculitis, morbid obesity, bipolar II disorder and fibromyalgia." [*Id.*, PageID.47]. The ALJ found that Booth's spinal meningitis, migraines, chronic kidney disease, hypertension, chronic venous insufficiency, congestive heart failure, sclerosing mesenteritis, minor neurocognitive disorder, gastroesophageal reflux disease and lipoma of the neck were non-severe impairments. [*Id.*, PageID.48]. Booth's knee pain and anxiety were not medically determinable impairments. [*Id.*] Next, the ALJ concluded that none of Booth's impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. [*Id.*, PageID.48-50].

Between the third and fourth steps, the ALJ found that Booth had the RFC to perform light work, except that she is limited to:

4

> no climbing ladders, ropes or scaffolds, and occasionally climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling.  She is limited to no unprotected heights and no exposure to extreme cold.... [She] is restricted to work limited to simple, routine, and repetitive tasks in low-stress job, defined as having only occasional changes in work setting.  [She] needs the ability to alternate between sitting and standing after 30 minutes.

[ECF No. 9, PageID.50].  At step four, the ALJ found that Booth had no past relevant work.  [*Id.*, PageID.54].  At the final step, after considering Booth's age, education, work experience, RFC, and the testimony of the VE, the ALJ determined that there were jobs that existed in significant numbers that Booth could perform, including positions as hand packager, electronic assembler, and plastic hospital products assembler.  [*Id.*, PageID.55].

## II.    ANALYSIS

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards.  *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted).  Only the

evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Booth argues the ALJ erred by not properly considering evidence of her chronic venous insufficiency (CVI) after step two of the disability analysis and not including all of Booth's limitations within the hypothetical for the VE. [ECF No. 13]. The Court agrees that the ALJ failed to properly consider a limitation caused by her CVI and supported by the record, and thus recommends that this matter be remanded.

### A.

At step two, the ALJ assessed Booth's impairment from her CVI as being a nonsevere. [ECF No. 9, PageID.48]. But because the ALJ found that Booth had severe impairments, the ALJ was required to consider the combined effect of all impairments, including those deemed nonsevere. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 851 (6th Cir. 2020) (citing 20 C.F.R. § 416.945(e) and Social Security Ruling (SSR) 96-8p.). "An erroneous finding of nonseverity at step two is therefore harmless where the ALJ properly considers nonsevere impairments at later steps." *Id.* at 852. Even so, some courts had found reversible error when the step four analysis was "devoid of any explicit reference to [the nonsevere]

6

impairments" and the ALJ failed to "address or include any limitations" from those impairments in the RFC determination. *Stephens v. Astrue*, 2010 WL 1368891, at *2 (E.D. Ky. March 31, 2010). But the *Emard* court found that the ALJ need not explicitly refer to the nonsevere impairment in assessing the claimant's RFC. 953 F.3d at 852. The court said that the "ALJ need not specifically discuss all nonsevere impairments in the residual-functional-capacity assessment when the ALJ makes clear that her decision is controlled by SSR 96-8p." *Id.*

In *Emard*, "[t]he ALJ's express reference to SSR 96-8p, along with her discussion of the functional limitations imposed by Emard's nonsevere impairments at step two of her analysis, fully support our conclusion that the ALJ complied with 20 C.F.R. § 416.945(e) and SSR 96-8p." *Id.* Here, the ALJ noted her obligation to consider nonsevere impairments under SSR 96-8p. [ECF No. 9, PageID.46]. But unlike in *Emard*, the ALJ did not discuss a functional limitation caused by Booth's CVI—a need to elevate her legs—that is supported by medical evidence in the record.

Tamam Mohamad, M.D., a doctor with the Heart and Vascular Institute, PLLC, diagnosed Booth with CVI and began treating that condition in 2015. [ECF No. 9, PageID.467]. Booth underwent at least two endovascular radiofrequency ablations in her lower extremities. [*Id.*,

7

PageID.841-842, 863-864]. Before and after these procedures, and through June 2017, Dr. Mohamad consistently recommended that Booth elevate her legs above chest level to alleviate the pain and edema caused by her CVI. [*Id.*, PageID.840, 846, 850, 862, 906]. Booth also testified about her CVI and said that elevated her legs above chest level for one to two hours a day due to pain and swelling of her legs. [*Id.*, PageID.82-84].

      Despite this evidence, the ALJ did not address Booth's CVI after step two or consider the evidence that she needed to elevate her legs when assessing Booth's RFC. [ECF No. 9, PageID.46-54]. The ALJ did not mention Booth's reported CVI-related leg pain[3] or edema, or address whether leg elevation was necessary to abate these symptoms. The ALJ did not cite exhibits B8F or B13F of the administrative record—where Dr. Mohamad's records are found—in any part of the decision. [*Id.*, PageID.47-54, 840, 846, 850, 862, 906]. She did not even cite Dr. Mohamad's records when finding that Booth's CVI was nonsevere, though she cited other records to support the conclusion that various other impairments were nonsevere. [*Id.*, PageID.47-48]. Nor did the ALJ mention Dr. Mohamad's treatment of Booth's CVI or weigh his opinion that

---

[3] The ALJ did reference Booth's testimony of "pain in her legs and back," but not leg pain associated with her CVI. [ECF No. 9, PageID.51].

8

she should elevate her legs above chest level. [*See* ECF No. 9, PageID.53-54 (ALJ's discussion of weight given to opinion evidence)].

The Commissioner asserts that CVI is "a common and generally mild impairment" but acknowledges that it "can cause limitations in the legs." [ECF No. 15]. Booth presents evidence that her CVI caused her to have a limitation requiring her to elevate her legs above chest level; her evidence is from Dr. Mohamad, her treating heart and vascular specialists. The ALJ committed reversible error by failing to cite or mention any of Dr. Mohamad's records or his recommendation that Booth elevate her legs when assessing Booth's RFC. *See e.g., Morin v. Comm'r of Soc. Sec.,* 259 F.Supp.3d 678, 685 (E.D. Mich. 2017) ("RFC evaluation in this case is flawed because the ALJ neglected to making any findings as to plaintiff's claimed need to raise her legs to prevent them from swelling."); *Banik v. Comm'r of Soc. Sec.*, 2012 WL 2190816, at * 8 (S.D. Ohio June 14, 2012) (ALJ committed reversible error by failing to address or account for plaintiff's need to elevate her legs due to CVI in formulating the RFC); *Brents v. Comm'r of Soc. Sec.*, No. CV 17-10921, 2018 WL 4784660, at *4 (E.D. Mich. Apr. 2, 2018), *adopted*, No. 17-10921, 2018 WL 3454843 (E.D. Mich. July 18, 2018) (remand warranted because ALJ failed to address treating physician's opinion that plaintiff needed a leg elevation limitation.).

9

**B.**

Booth also argues that the hypothetical question posed to the VE was improper because it excluded the impact of her CVI and thus did not accurately portray her physical impairments. [ECF No. 13, PageID.1036-1037]. But the hypothetical was identical to the RFC in the ALJ's decision. Thus, Booth's challenge of the hypothetical is a collateral attack on the RFC itself; it does not provide independent grounds for remand. *See Kirchner v. Colvin*, 2013 WL 5913972, at *11 (E.D. Mich. Nov. 4, 2013) (Plaintiff's step five argument is a "veiled attack" on the RFC when the hypothetical is identical to the RFC assessment).

### III. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Booth's motion [ECF No. 13] be **GRANTED**; that the Commissioner's motion [ECF No. 15] be **DENIED**; and that this matter be **REMANDED** for further consideration under sentence four of 42 U.S.C. § 405(g).

Dated: August 27, 2020

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's

10

findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 27, 2020.

                                            <u>s/Marlena Williams</u>
                                            MARLENA WILLIAMS
                                            Case Manager